IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Daniel Edward Turner, | ) | |
| | ) | C.A. No. 9:10-3102-TMC |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| | ) | |
| United States; Department of Justice; | ) | |
| and Internal Revenue Service, | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

This matter is a habeas corpus petition pursuant to 28 U.S.C. § 2241, filed by a prisoner, Daniel Edward Turner (Turner), proceeding *pro se*. (Dkt. No. 1.) Turner is serving a forty-six month sentence for tax fraud, but he claims he was convicted by a court without "in personam criminal jurisdiction" to prosecute him and seeks release from prison. (*Id*.) The case is before the court for review of the Report and Recommendation (Report) of the United States magistrate judge, made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 of the District of South Carolina, which recommends dismissing Logan's petition without prejudice.[1] The court adopts the Report and dismisses the petition without prejudice and without requiring responses by the Respondents.

Turner was advised of his right to file objections to the Report (Dkt. No. 10 at 6.) However, Turner filed no objections to the Report and the deadline for filing such objections has

---

[1] The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

passed. In the absence of objections to the Report, this court is not required to provide an explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Furthermore, failure to file specific written objections to the Report and Recommendation results in a party's waiver of the right to appeal from the judgment of the District Court based upon such recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

After a thorough review of the Report and the record in this case, the court adopts the magistrate judge's Report and Recommendation (Dkt. No. 10) and incorporates it herein. It is therefore **ORDERED** that the petition for a writ of habeas corpus in the above-captioned case is **DISMISSED** without prejudice and without requiring the Respondents to file returns.

**IT IS SO ORDERED.**

s/ Timothy M. Cain
United States District Judge

Greenville, South Carolina
October 25, 2011

**NOTICE OF RIGHT TO APPEAL**

Plaintiff is hereby notified that he has the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.